PEOPLE *ex rel.* COYLE v. SHERWOOD *et al.*

*Judicial office — title to — collateral proceeding — validity of acts of judge.*

On a certiorari issued to review the conviction of the relator for assault and battery, in a court whose judges were claimed to have been appointed under an unconstitutional enactment, *held*, that the judges, if not such *de jure*, were such *de facto*, with color of title, and their acts must be respected until judgment of ouster is pronounced against them. The authority of the judges cannot be inquired into in a collateral proceeding.

The statute (Laws of 1873, chap. 538) relating to the police courts of New York city is constitutional.

WRIT OF CERTIORARI issued to review the conviction of the relator, George Coyle, for assault and battery, in the court of special sessions

of New York city. The respondents, Thomas D. Sherwood and others, were appointed police justices of the city of New York, under Laws of 1873, chapter 583. The prisoner's counsel claimed that the act under which the justices were appointed was unconstitutional, and that, therefore, they had no jurisdiction of the offense.

*Albert Cardozo* and *William F. Howe,* for relator.

*Benj. K. Phelps,* district attorney, for respondents.

BRADY, J.   The answer which may properly be made to the points presented on behalf of the relator is, that the police justices, if not such *de jure,* are such *de facto,* with color of title, and their acts must be obeyed and respected until judgment of ouster is pronounced against them.   Having apparent authority to act, and having rendered judgment between the prisoner and the people, neither can, in this collateral way, call in question the title of the judges.

No principle is better settled, than that the acts of such persons are valid when they concern the public.   Justice BRONSON said: " It would be impossible to maintain the supremacy of the laws, if individuals were at liberty, in this collateral manner, to question the authority of those who, in fact, hold public offices." *People* v. *White,* 24 Wend. 525; *Nelson* v. *People,* 23 N. Y. 293. If the objection were, that, assuming the validity of the tribunal whose acts are questioned, the subject-matter was not within its jurisdiction, the question would be one doubtless for consideration. Such is not the case herein.   If, however, the relator were right in presenting his objections in the manner adopted, he is nevertheless not entitled to the relief he demands.   The points which are urged by him for our consideration, affecting the title of the justices who presided at the special sessions, and to the organization of the court in which they sat and pronounced judgment, have recently been under consideration, in the court of Common Pleas of this county, in an action in the nature of *quo warranto, People ex rel. Hogan* v. *Morgan,* and have been decided adversely to him, by an exhaustive and elaborate opinion delivered by Chief Justice DALY.   See 5th Daly.

In the conclusion arrived at in that court, we concur.   We think the writ should therefore be dismissed.

DANIELS and WESTBROOK, JJ., concurred.

*Writ dismissed.*